UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABINADAB ISRAEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESTHER VOLKAN, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-0417-JAM-KJN PS<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff Abinadab Israel, proceeding without counsel, commenced this action on February 7, 2014, and paid the filing fee.  (ECF No. 1.)

　　　　On February 7, 2014, the court issued an "Order Setting Status Conference."  (ECF No. 3.)  The order directed plaintiff to "complete service of process on defendants named in the complaint within 120 days from the date of this order.  Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the complaint is filed.  See Fed. R. Civ. P. 4(m)."  (Id. at 1.)

　　　　That same order set a status (pre-trial scheduling) conference for June 26, 2014, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel."  (ECF No. 3 at 2.)  The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference.  (Id. at 2-3.)  The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may

result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

No status report was filed prior to the June 26, 2014 status conference, and plaintiff failed to appear at the status conference. Additionally, the court's records indicate that no defendant has yet appeared in this case, and there has been no docket activity since the initial filing of the complaint. This strongly suggests that plaintiff has not yet served defendants with process, even though the 120-day period for service of process has now expired.

Based on plaintiff's numerous failures, the court has considered whether the action should be dismissed at this juncture. Nevertheless, in light of plaintiff's *pro se* status and the court's general preference to resolve actions on their merits, the court first attempts lesser sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, plaintiff shall pay the Clerk of Court $250.00 in monetary sanctions based on plaintiff's failure to appear at the status conference and failure to comply with court orders.

2. Within fourteen (14) days of this order, plaintiff shall also show cause in writing why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute the case and failure to comply with court orders.

3. Alternatively, if plaintiff no longer wishes to pursue the action at this time, he may instead file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within fourteen (14) days of this order.

4. Failure to pay the monetary sanctions imposed and file a written response to the order to show cause by the required deadline, OR file a request for voluntary dismissal of the action by the required deadline, will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 27, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE